IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWAN RASHEED MCBRIDE, | ) |
| | ) |
| vs. | ) CV12-1128 |
| | ) (related to CR 08-308) |
| UNITED STATES OF AMERICA | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Dawan McBride's "Actual Innocence" Petition brought pursuant to 28 U.S.C. § 2241 [ECF No. 3]. This Petition is Petitioner McBride's fourth collateral challenge to his conviction for violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon.

The crux of Petitioner McBride's Petition is that he was improperly found to be an armed career criminal by this Court at his sentencing hearing and therefore, he is actually innocent of the sentence. See, for example, Petition, p. 2 ("Because the power that the prior state conviction which are not 'punishable by imprisonment for more than one year,' the sentence is unconstitutional and the petitioner is actually innocent of the sentence."). He also argues that the safety-valve provision of § 2255 covers this situation [such that his claim of innocence can be addressed in a § 2241 Petition] because he seeks to challenge his conviction based on an intervening decision by the supreme court. Id. at p. 7 (citing United States v. Simmons [no citation]).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "Motions under § 2241, by contrast, typically challenge the *execution*, as opposed to the legality of the

petitioner's sentence." United States v. Gardner, 2003 WL 21146727, *3 (W.D. Pa. March 12, 2003) (McLaughlin, J.) (citing cases). Thus, "§2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective." Okereke, 307 F.3d at 120 (citation omitted). See also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (citation omitted) ("under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."). This exception is commonly referred to by the courts as § 2255's "safety valve." Thus, in United States v. Brown, 2012 WL 11562 (3d Cir. Jan. 4, 21012), a recent unpublished decision, the appellate court explained:

> A prisoner may proceed under § 2241 if § 2255 would be "inadequate o[r] ineffective." We have held that § 2255's "safety valve" applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. [Petitioner] has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he is convicted, but instead asserts only that he is "innocent" of being a career offender.

Id. at *2. See also Czeck v. Zickefoose, 2012 WL 2497280, *2 (3d Cir. June 29, 2012) (where petitioner had argued that he was "actually innocent" of being an "Armed Career Criminal" because four of the state court convictions upon which his sentence was based had been vacated, the appellate court concluded that a § 2255 motion, and not a § 2241 petition, was the proper vehicle for petitioner to raise his argument, reasoning that petitioner's failure to pursue the issues related to his state court convictions in a timely and diligent manner did not render a § 2255 petition inadequate or ineffective).

Upon review of the Petition, we find that the argument raised by Mr. McBride is one that should normally be brought before the courts in the form of a § 2255 Motion. Moreover, we find that Petitioner McBride has not established that a motion brought pursuant to § 2255 would be an

inadequate or ineffective vehicle in which to argue that he was improperly found to be an armed career criminal by this Court at his sentencing hearing.[1] In particular, while Petitioner contends that there has been an intervening decision by the United States Supreme Court decision, titled United States v. Simmons, since his first § 2255 Motion was adversely decided that effects how his state court convictions should be treated for determining if he qualifies as an "armed career criminal," such that he should be able to bring the instant § 2241 Petition, the Court could not locate any recent decision by the United States Supreme Court that supports Petitioner's legal contention. Moreover, a review of the pertinent paragraph on page 7 of the Petition reveals that this paragraph, including the legal contention contained therein, was taken virtually verbatim from the appellate court's decision in In re Dorsainvil, 119 F3d 245 (3d Cir. 1997), the only substantive difference being that Petitioner inserted "United States v. Simmons" for "Davis v. United States, 417 U.S. 333, 334, 94 S.Ct. 2298, 2299, 41 L.Ed.2d 109 (1974)," a case which clearly does not constitute an intervening decision by the Supreme Court since we rendered our decision on Petitioner's first § 2255 Motion on October 6, 2011 which would affect our "armed career criminal" determination as to Mr. McBride.

In conclusion, although Petitioner has submitted his Petition in the form of a request for habeas corpus relief under 28 U.S.C. § 2241, it is clearly the functional equivalent of a § 2255 Motion to vacate, set aside, or correct an allegedly illegal sentence and Petitioner has failed to show that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention or the validity of his conviction. Therefore, Petitioner's Petition must be dismissed for lack of jurisdiction.

---

[1] Indeed we substantively analyzed this argument in our October 6, 2011 Opinion issued with respect to Petitioner's first § 2255 Motion. See Opinion [ECF No. 66], pp. 12-13.

AND NOW, this 25th day of September, 2012, it is hereby ORDERED, ADJUDGED, AND DECEED that Petitioner Dawan McBride's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF: #4] is DISMISSED without prejudice for lack of jurisdiction.

The Clerk of Court shall mark this case CLOSED.

                                                                                      _____
                                                                                      Maurice B. Cohill, Jr.
                                                                                      United States District Court Judge